SCOTT DUBE, and ) 
DAWN DUBE, ) 
 ) 
      Plaintiffs, ) 
 ) 
 ) 
      vs. )      Case No. 4:12CV1912 ERW 
 ) 
WYETH LLC, et al., ) 
 ) 
 ) 
      Defendants. ) 

## MEMORANDUM AND ORDER

      This matter comes before the Court for oral argument on Plaintiffs' pending Motions to Transfer [ECF No. 39]. Plaintiffs have brought actions against numerous brand name and generic pharmaceutical manufacturers (collectively referred to as "Wyeth Defendants" or "Defendants"), seeking damages for personal injuries suffered as a result of being exposed to the prescription drug Reglan®, or its generic equivalent, metoclopramide. On January 23, 2013, claims against Defendant Morton Grove Pharmaceuticals, Inc., and Defendant Wockhardt USA, LLC, were dismissed with prejudice [ECF No. 51].

## I. BACKGROUND

      Originally, Plaintiffs' cases had been joined with other Reglan® cases in a State court civil action filed on February 22, 2012, and styled *Jannett Anderson, et al. v. Wyeth LLC, et al.*, No. 1222-CC-00910 [ECF No. 1]. As originally filed, and in subsequently amended filings, the case lacked complete diversity because certain plaintiffs were citizens of the same state as certain defendants. However, on August 8, 2012, the State Court entered an Order severing the

Anderson plaintiffs and granting leave to file separate amended petitions [ECF Nos. 1-1, 24-3]. In its Order Regarding Motion to Sever, the State Court found joinder of the plaintiffs' claims was improper, due to factual differences presented by the various individual plaintiff's claims, and to the situation presented by multifarious claims being brought against many manufacturer defendants. Plaintiffs filed their separate petitions on October 3, 2012. Defendants thereafter removed Plaintiffs' cases to Federal Court on diversity grounds, pursuant to 28 U.S.C. §§ 1332(a)(3); 1441(a), (b); and 1446, on October 23 [ECF Nos. 1, 24-4].

On or about October 30, 2012, Plaintiffs filed Motions to Remand, contending that Defendants' removal was barred because it was not timely filed within 30 days from ascertainment that the case had become removable [ECF No. 23]. They asserted that the actions should be remanded, pursuant to 28 U.S.C. § 1447, to the Circuit Court for the Twenty-Second Judicial Circuit, because Defendants' removal was not timely filed in accordance with 28 U.S.C. § 1446(b). On the Court's own motion, and in the interest of judicial economy, the individual Reglan® cases were consolidated before this Court on December 13, 2012, for purposes of hearing and ruling on the Motions to Remand only [ECF No. 37]. The Administrative Order consolidating the cases directed that all future filings related to the remand issue were to be filed only in Case No. 4:12CV1912 ERW, *Dube et al., v. Wyeth et al.* [ECF No. 37].

Wyeth Defendants filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) in *Dube*, moving the Court to transfer the action to the United States District Court for the Middle District of Florida, and requesting oral argument [ECF No. 39]. Plaintiffs filed their Memorandum in Opposition to Motion to Transfer on December 19, 2012 [ECF No. 41]. In their Memorandum, Plaintiffs requested the Court to stay consideration of Defendants' Motion to Transfer, until the Court ruled on their Motion to Remand and determined the threshold issue of

subject matter jurisdiction. Plaintiffs claimed that the interests of judicial economy would be best served by such a stay, asserting that, otherwise, the sixty-nine (69) Motions to Transfer would be decided piecemeal by numerous courts across the country. In their Reply, Defendants argued that the Middle District of Florida has the greatest interest in resolving the dispute among the parties, and stated that the Court was not bound to decide jurisdictional issues in any certain order.

A motion hearing regarding the Motions to Remand was conducted on January 28, 2013 [ECF No. 52]. On February 19, the Court denied Plaintiffs' Motion to Remand [ECF No. 69]. The Court found that Defendants' Motions to Transfer exceeded the scope of the December 13 Order consolidating the cases, and declined to issue a ruling on the motions.

Thereafter, on the Court's own motion, and in the interests of judicial economy, fifty-four (54) Reglan® cases were consolidated before this Court for purposes of hearing and ruling on the Motions to Transfer and other motions related to the Motions to Transfer only [ECF No. 70].

## II. DISCUSSION

In their Motion to Transfer Venue, Wyeth Defendants move the Court to transfer *Dube v. Wyeth* to the United States District Court for the Middle District of Florida, and request oral argument [ECF No. 39]. Defendants contend that the factors to consider, when deciding whether transfer is appropriate under 28 U.S.C. § 1404(a), favor transfer to the Middle District of Florida. Defendants state that the action has no connection to Missouri, as Plaintiffs do not reside here; none of the defendants are Missouri residents; and Plaintiffs have not alleged that they purchased or ingested the pharmaceuticals in Missouri, or that they incurred injury or received medical care in Missouri. Defendants assert that neither Plaintiffs nor their claims have a connection to this district.

Plaintiffs filed a Memorandum in Opposition to Motions to Transfer on March 7, 2013, again contending that the motions should be denied because the interests of judicial economy favor litigating related cases in the same court to avoid piecemeal litigation. They also argue that Plaintiffs' choice of forum should be given considerable deference because Plaintiffs and Defendants are from different states, and consequently, there is no choice of forum that will avoid imposing inconvenience [ECF No. 76]. The parties presented oral argument on the Motions to Transfer on March 14, 2013, and the Court took the matter under advisement.

When deciding a motion to transfer pursuant to 28 U.S.C. § 1404(a), courts must consider three factors: 1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interest of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, courts are not limited to just these enumerated factors, and they have recognized the importance of a case-by-case evaluation of the particular circumstances presented and of all relevant case-specific factors. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). The party requesting transfer has the burden to show that the balance of these factors favors it. *Moretti v. Wyeth*, 2008 WL 732497 at *1 (D. Minn. March 17, 2008).

Plaintiffs do not dispute that this case might have been brought in the Middle District of Florida, therefore, this Court shall evaluate the relevant transfer factors. In this evaluation, the interests-of-justice factor is weighed very heavily. *Id.* at *2. Although a presumption in favor of plaintiff's forum choice usually exists, the plaintiff's choice is afforded significantly less deference when the plaintiff does not reside, and the underlying events did not occur, in the chosen forum. *Id.* at *1. Here, the *Dube* plaintiffs are residents of Manatee County, Florida, and they do not have any apparent connection to Missouri [ECF No. 1]. No defendant is a Missouri corporation, no defendant has its principal place of business in Missouri, and neither party

identified any witnesses residing in Missouri [ECF Nos. 1, 1-2, 39]. Furthermore, the events giving rise to this litigation did not occur in Missouri, and Plaintiffs have not alleged or shown any connection to Missouri, other than their choice to file here, and their retention of local counsel. Because no relevant connection exists between Missouri and the plaintiffs, the defendants, potential witnesses, or the dispute, Plaintiffs' forum choice is entitled to minimal weight, and is outweighed by the lack of connection between the action and Missouri. The *Dube* plaintiffs and most key fact witnesses, such as treating physicians, reside in Florida. The underlying events related to Plaintiffs' injuries allegedly caused by their drug ingestion occurred in Florida. Consequently, Court finds that the citizens and court of Florida have a greater interest in adjudicating this case.

In addition to the choice-of-forum factor, courts consider judicial economy, the costs of litigating in each forum, obstacles to a fair trial, and choice of law issues, under the "interests of justice" category. *Id.* at *2. Plaintiffs contend that judicial economy favors litigating related cases in the same court, rather than litigating them piecemeal [ECF No. 76]. They further claim that the cases should be litigated in the same court because they contain common issues, asserting that: 1) the cases have the same theories of liability; 2) the cases share many of the same defendants, and 3) the plaintiffs have suffered similar injuries. Plaintiffs argue that denying Defendants' Motions to Transfer "is a matter of convenience and economy in administration" [ECF No. 76 at 4]. However, Defendants contend, and the Court agrees, that the comparative costs of litigation favor transfer, again noting the increased travel expenses for witnesses litigating in Missouri would involve. The Court finds that Plaintiffs' judicial economy argument fails to acknowledge the practical reality of fixing the place of trial in a forum where litigants cannot compel personal attendance of nonparty witnesses and may face the prospect of trying

their cases on depositions; such a choice is almost assured to create a condition unsatisfactory to court, jury, and most litigants.  Because the Complaint brings state law claims against Defendants, Florida law applies; thus, the conflicts of law issues, and the local court's advantage in determining the case, favor transfer.   The Court finds that the interests of justice are better served if Plaintiffs' actions are transferred to the home state forums of the individual plaintiffs.

Regarding convenience to the parties and witnesses, Plaintiffs merely assert "the plaintiffs and defendants are from different states and consequently there is no choice of forum that will avoid imposing inconvenience."  Section 1404(a) provides for "transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient[.]" *Moretti*, 2008 WL 732497 at *1.  As noted above, neither party has identified a witness who is a resident of Missouri.  Defendants contend that no defendant was a resident of the state to which Defendants are seeking transfer, and Defendants assert, without contradiction by Plaintiffs, that the drug in *Dube*, and the drug in all of the individual plaintiff cases consolidated with *Dube* for purposes of Defendants' Motions to Transfer, were prescribed and taken in the individual plaintiffs' home states.  Defendants further claim, without contradiction by Plaintiffs, that the injuries of the *Dube* plaintiffs, and the injuries of all of the other plaintiffs in the consolidated cases, were incurred in the individual plaintiffs' home states, and that all of the plaintiffs were treated in their home states.  As well, Defendants argue that records availability, and conduct location, favor transfer to the home states as the more convenient forums; although this factor does weigh in favor of transfer, technological advances have significantly reduced the weight afforded this factor in the balance of convenience analysis.  However, Defendants also stress the difficulty in getting full and complete responses from out-of-state medical providers, which raises practical considerations that could make the trial process more difficult, more expensive, and less

expeditious, should be cases be tried in the Eastern District of Missouri. Importantly, as mentioned above, key nonparty witnesses, such as the Plaintiffs' medical care providers, would not be subject to this Court's subpoena power, and that, even if those witnesses could be persuaded to travel to Missouri, the costs of travel would be expensive. *See Burnett v. Wyeth Pharm., Inc.*, 2008 WL 732425 at *2 (D. Minn. March 17, 2008) (venue in plaintiffs' home state, where treating providers also resided, was more convenient for most witnesses, and would ensure live testimony of critical fact witnesses located in that forum). The Court finds that Plaintiffs' home states are more convenient forums than the Eastern District of Missouri. Consequently, these two factors, convenience of the parties, and convenience of the witnesses, weigh in favor of transfer.

In sum, Plaintiffs' choice of forum is not entitled to deference in these cases. Rather, Defendants' choices of forum, which are the Plaintiffs' home forums, are afforded significant weight because inconvenience would not be shifted to Plaintiffs. Most importantly, the vast majority of the operative facts giving rise to Plaintiffs' action occurred in their home forums, giving those forums a greater interest in deciding the case. The convenience of non-party witnesses is also a strong factor favoring transfer, as Plaintiffs' medical providers, key fact witnesses, reside outside the 100-mile subpoena range of the Eastern District of Missouri, and thus may be unavailable for live testimony at trial. The Court will grant Defendants' Motions to Transfer.

Accordingly, for the reasons set forth above, the Court concludes that, for the convenience of the parties and witnesses, and in the interest of justice, this case, *Dube v. Wyeth*, 4:12CV01912 ERW, should be transferred to the Middle District of Florida. The operative facts of the consolidated cases differ only in the location of the plaintiffs' home forums. The Court

finds that the analysis and reasoning set forth as to the facts of *Dube* are equally applicable to the facts of the consolidated cases listed in Appendix A, attached to this Memorandum and Order and incorporated herein by reference. Therefore, the Court further concludes that, for the convenience of the parties and witnesses, and the interest of justice, the consolidated cases should be transferred to the appropriate home state forum of the individual plaintiffs.

**IT IS HEREBY ORDERED** that Defendants' Motion to Transfer [ECF No. 39] is **GRANTED**. The case, *Dube v. Wyeth,* 4:12CV01912 ERW shall be transferred to the United States District Court for the Middle District of Florida. The consolidated cases listed in Appendix A, attached to this Memorandum and Order, and incorporated herein by reference, shall be transferred to the appropriate home state forum of the individual plaintiffs.

Dated this ___20th___ day of March, 2013.

E. Richard Webber

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

## APPENDIX A

1. Agresta, Kathleen v. Wyeth, et al. 4:12CV01947 JAR     E.D. Virginia
2. Anderson, Jannett v. Wyeth, et al. 4:12CV01952 SNLJ     S.D. Mississippi
3. Bundy, Bonnie v. Wyeth, et al. 4:12CV01968 HEA     D. Montana
4, Burns, Shirley v. Wyeth, et al. 4:12CV01963 CAS     D. South Carolina
5. Dalton, Travis v. Wyeth, et al. 4:12CV01932 HEA     D. Utah
6. Dalton, Francesca v. Teva, et al.  4:12CV01913 CDP     N.D. Ohio
7. Day, Virginia v. Wyeth, et al. 4:12CV01959 RWS     S.D. Mississippi
8. Devore, Tabitha, et al. v. Wyeth, et al. 4:12CV01961 RWS     S.D. Florida
9. Dube, Scott, et al. v. Wyeth, et al. 4:12CV01912 ERW     M.D. Florida
10. Gonzales, Sarah v. Wyeth, et al.  4:12CV01929 RWS     E.D. North Carolina
11. Hall, Mary v. Wyeth, et al. 4:12CV01919 RWS     S.D. Mississippi
12. Harow, Barbara v. Wyeth, et al. 4:12CV01943 AGF     D. Arizona
13. Hart, Ernestine v. Wyeth, et al. 4:12CV01964 CDP     S.D. Alabama
14. Heughan, Floyd v. Wyeth, et al. 4:12CV01955 JAR     M.D. Tennessee
15. Hill, Barbara, et al. v. Wyeth, et al. 4:12CV01975 JAR     N.D. Mississippi
16. Hill, David, et al. v. Wyeth, et al. 4:12CV01917 ERW     M.D. Tennessee
17. Hills, Jewell, et al. v. Wyeth, et al. 4:12CV01973 CAS     S.D. Ohio
18. Hinojosa, Judith, et al. v. Wyeth, et al. 4:12CV01960 RWS     S.D. Texas
19. Hipp, Randy v. Wyeth, et al. 4:12CV01969 NAB     N.D. Texas
20, Hollis, Betty v. Wyeth, et al. 4:12CV01972 CAS     S.D. Texas
21. Hood, Mary v. Wyeth, et al. 4:12CV01923 SNLJ     D. Nevada
22. Hoover, Bonnie v. Wyeth, et al. 4:12CV01966 HEA     W.D. Virginia
23. Hopkins, Helen v. Wyeth, et al. 4:12CV01956 AGF     N.D. Ohio
24. Insco, Debra v. Wyeth, et al. 4:12CV01950 RWS     W.D. Michigan
25. Johns, Bettye v. Wyeth, et al. 4:12CV01926 AGF     N.D. Mississippi
26. Johnson, Karen v. Wyeth, et al. 4:12CV01974 AGF     S.D. Ohio
27. Kalanquin, Diana v. Wyeth, et al. 4:12CV01927 CAS     D. Connecticut
28. Krick, Lee, et al. v. Wyeth, et al. 4:12CV01930 SNLJ     W.D. Washington
29. Langley, Tony v. Wyeth, et al. 4:12CV01970 CDP     E.D. North Carolina
30. Lawrence, Stella, et al. v. Wyeth, et al. 4:12CV01976 CDP     E.D. Arkansas
31. Lyon, Velma, et al. v. Wyeth, et al. 4:12CV01931 CAS     E.D. Virginia
32. Maggio, Anthony v. Wyeth, et al. 4:12CV01971 FRB     M.D. Florida
33. Manning, Patricia v. Wyeth, et al. 4:12CV01920 SNLJ     S.D. Ohio
34. Maples, Rita, et al. v. Wyeth, et al. 4:12CV01945 RWS     E.D. Tennessee
35. Miller, Tiffany, et al. v. Wyeth, et al. 4:12CV01925 CDP     W.D. Wisconsin
36. Mills, Lola v. Wyeth, et al. 4:12CV01922 CAS     W.D. Texas
37. Morgan, Keith v. Wyeth, et al. 4:12CV01958 RWS     M.D. North Carolina
38. Nance, Carroll, et al. v. Wyeth, et al. 4:12CV01936 CDP     M.D. North Carolina
39. Paynes, Carolyn, et al. v. Wyeth, et al. 4:12CV01918 CDP     E.D. Michigan
40. Peterson, Michael, et al. v. Wyeth, et al.4:12CV01939CDP     S.D. West Virginia
41. Porter, Jackie v. Wyeth, et al. 4:12CV01941 AGF     D. South Carolina
42. Ramirez, Ricardo v. Wyeth, et al. 4:12CV01946 CDP     C.D. California
43.` Saunders, Jr., Paul v. Wyeth, et al. 4:12CV01915 CAS     W.D. Virginia
44. Scott, Harold v. Wyeth, et al. 4:12CV01940 JAR     S.D. Indiana

| 45. | Smith, Jimmie v. Wyeth, et al. 4:12CV01954 CAS | E.D. Kentucky |
| 46. | Todd, Martha v. Wyeth, et al. 4:12CV01933 HEA | N.D. Oklahoma |
| 47. | Torres, Daniel v. Wyeth, et al. 4:12CV01944 CDP | E.D. Michigan |
| 48. | Wells, Emma v. Wyeth, et al. 4:12CV01949 CDP | D. South Carolina |
| 49. | Whitaker, Wava v. Wyeth, et al. 4:12CV01924 JAR | E.D. Michigan |
| 50. | Williams, Ricky v. Wyeth, et al.4:12CV01938 SNLJ | D.C.C.Wash., D.C. |
| 51. | Williamson, Roy, et al. v. Wyeth, et al. 4:12CV01951RWS | S.D. Iowa |
| 52. | Winters, Mary, et al. v. Wyeth, et al. 4:12CV01934 SNLJ | C.D. California |
| 53. | Wolfe, Daniel, et al. v. Wyeth, et al. 4:12CV01937 ERW | S.D. Iowa |
| 54. | Woods, Linda v. Wyeth, et al. 4:12CV01928 AGF | N.D. Alabama |